United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY W. JOHNSON, JR., | ) | No. C 12-00722 EJD (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| v. | ) | DISPOSITIVE MOTION OR NOTICE |
| | ) | REGARDING SUCH MOTION; |
| | ) | INSTRUCTIONS TO CLERK |
| R. W. FRITZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | (Docket No. 15) |

Plaintiff, a California inmate currently incarcerated at the High Desert State

Prison in Susanville, filed the instant civil rights action in pro se pursuant to 42

U.S.C. § 1983 against prison officials at the Salinas Valley State Prison ("SVSP")

for unconstitutional acts.  Plaintiff has paid the filing fee.[1]

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This action was closed on May 30, 2012, for Plaintiff's failure to pay the filing fee or file an In Forma Pauperis Application.  (See Docket No. 7.)  The Court granted Plaintiff's motion for reconsideration and reopened the matter on July 17, 2012, after Plaintiff filed notice that he paid the full filing fee.  (See Docket No. 17.)

Order of Service
G:\PRO-SE\SJ.EJD\CR.12\00722Johnson_svc.wpd

1 prisoner seeks redress from a governmental entity or officer or employee of a

2 governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must

3 identify any cognizable claims and dismiss any claims that are frivolous, malicious,

4 fail to state a claim upon which relief may be granted or seek monetary relief from a

5 defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se

6 pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

7 Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

9 elements: (1) that a right secured by the Constitution or laws of the United States

10 was violated, and (2) that the alleged violation was committed by a person acting

11 under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

12 **B.**     **Plaintiff's Claims**

13       Plaintiff alleges that SVSP officials conspired to violate his rights in

14 retaliation for filing an inmate grievance against other officers when they placed in

15 administrative segregation on December 24, 2009, for seven months based on false

16 information that Plaintiff was a threat to the safety and security of the institution.

17 Plaintiff claims that their actions violated his rights under the First, Fourth, Fifth,

18 Sixth, Eighth and Fourteenth Amendments, as well as his rights under the California

19 Tort Claims Act. Liberally construed, Plaintiff's claims are cognizable under §

20 1983.

21 **CONCLUSION**

22       For the reasons stated above, the Court orders as follows:

23       1.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for

24 Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a

25 copy of the complaint, all attachments thereto, and a copy of this order upon

26 **Defendants R. W. Fritz, A. Hedgpeth, T. Selby, B. Martinez, P. Nickerson, B.**

27 **Hedrick, G. Biaggini, Dr. Worrington, Ms. Park, A. Meden, W. Muniz, Dr.**

28 **Card and G. Ramirez** at the **Salinas Valley State Prison**, (P.O. Box 1020,

*United States District Court*
For the Northern District of California

1    Soledad, CA 96960-1020).

2          The Clerk of the Court shall also mail a courtesy copy of the complaint and a

3    copy of this Order to the California Attorney General's Office. Additionally, the

4    Clerk shall mail a copy of this Order to Plaintiff.

5          2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil

6    Procedure requires them to cooperate in saving unnecessary costs of service of the

7    summons and amended complaint.  Pursuant to Rule 4, if Defendants, after being

8    notified of this action and asked by the Court, on behalf of Plaintiff, to waive service

9    of the summons, fail to do so, they will be required to bear the cost of such service

10   unless good cause shown for their failure to sign and return the waiver form.  If

11   service is waived, this action will proceed as if Defendants had been served on the

12   date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants

13   will not be required to serve and file an answer before **fifty-six (56) days** from the

14   day on which the request for waiver was sent.  (This allows a longer time to respond

15   than would be required if formal service of summons is necessary.)  Defendants are

16   asked to read the statement set forth at the foot of the waiver form that more

17   completely describes the duties of the parties with regard to waiver of service of the

18   summons.  If service is waived after the date provided in the Notice but before

19   Defendants have been personally served, the Answer shall be due **fifty-six (56) days**

20   from the date on which the request for waiver was sent or **twenty-one (21) days**

21   from the date the waiver form is filed, whichever is later.

22          3.      No later than **fifty-six (56) days** from the date of this order,

23   Defendants shall file a motion for summary judgment or other dispositive motion

24   with respect to the claims in the amended complaint found to be cognizable above.

25          a.      If Defendants elect to file a motion to dismiss on the grounds

26   Plaintiff failed to exhaust his available administrative remedies as required by 42

27   U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion

28   pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Alameida v. Terhune, 540 U.S. 810 (2003). **The Ninth Circuit has held that**

2    **Plaintiff must be provided with the appropriate warning and notice under**

3    **Wyatt concurrently with Defendants' motion to dismiss. See Woods v. Carey,**

4    **Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

5          b.      Any motion for summary judgment shall be supported by

6    adequate factual documentation and shall conform in all respects to Rule 56 of the

7    Federal Rules of Civil Procedure. Defendants are advised that summary judgment

8    cannot be granted, nor qualified immunity found, if material facts are in dispute. If

9    any Defendant is of the opinion that this case cannot be resolved by summary

10    judgment, he shall so inform the Court prior to the date the summary judgment

11    motion is due.

12       4.      Plaintiff's opposition to the dispositive motion shall be filed with the

13    Court and served on Defendants no later than **twenty-eight (28) days** from the date

14    Defendants' motion is filed.

15          a.      **In the event Defendants file a motion for summary**

16    **judgment, the Ninth Circuit has held that Plaintiff must be concurrently**

17    **provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963**

18    **(9th Cir. 1998) (en banc). See Woods, Nos. 09-15548 & 09-16113, slip op. at**

19    **7874.**

20       Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil

21    Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party

22    opposing summary judgment must come forward with evidence showing triable

23    issues of material fact on every essential element of his claim). Plaintiff is cautioned

24    that failure to file an opposition to Defendants' motion for summary judgment may

25    be deemed to be a consent by Plaintiff to the granting of the motion, and granting of

26    judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54

27    (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

28       5.      Defendants shall file a reply brief no later than **fourteen (14) days**

1   after Plaintiff's opposition is filed.

2        6.      The motion shall be deemed submitted as of the date the reply brief is

3   due.  No hearing will be held on the motion unless the Court so orders at a later date.

4        7.      All communications by the Plaintiff with the Court must be served on

5   Defendants, or Defendants' counsel once counsel has been designated, by mailing a

6   true copy of the document to Defendants or Defendants' counsel.

7        8.      Discovery may be taken in accordance with the Federal Rules of Civil

8   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

9   Local Rule 16-1 is required before the parties may conduct discovery.

10        9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must

11   keep the court informed of any change of address and must comply with the court's

12   orders in a timely fashion.  Failure to do so may result in the dismissal of this action

13   for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14        10.     Extensions of time must be filed no later than the deadline sought to be

15   extended and must be accompanied by a showing of good cause.

16        11.     Plaintiff's motion for issuance of summons, (Docket No. 15), is

17   DENIED as moot by this order.

18        This order terminates Docket No. 15.

19

20   DATED:   8/7/2012

21                                              EDWARD J. DAVILA
                                                United States District Judge

22

23

24

25

26

27

28

Order of Service
G:\PRO-SE\SJ.EJD\CR.12\00722Johnson_svc.wpd          5

*United States District Court*
*For the Northern District of California*

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY W. JOHNSON JR,

          Plaintiff,

  v.

R. W. FRITZ, et al.,

          Defendants.

                                    /

Case Number: CV12-00722 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on      8/9/2012     , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Wayne Johnson F-58411
High Desert State Prison
P. O. Box 3030
Susanville, CA 96127

Dated:      8/9/2012

                          Richard W. Wieking, Clerk
              /s/By: Elizabeth Garcia, Deputy Clerk