**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. JOHNSON, JR., | No. C 12-00722 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| J. WARRINGTON, | |
| Defendant. | |

Plaintiff filed a pro se complaint under 42 U.S.C § 1983, challenging the conditions of his confinement at Salinas Valley State Prison ("SVSP"). For the reasons set forth below, this action is DISMISSED.

**DISCUSSION**

On May 2, 2014, Defendants filed a "Statement of Death," stating that Plaintiff died on or about February 24, 2014. (Docket No. 113.)

In general, the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436 U.S. 584, 592–595 (1978). Under California law, Plaintiff's section 1983 damages claims survive his death. See Cal. Civ. Proc. § 377.20

("Except as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period."); Cal. Civ. Proc. § 377.21 ("A pending action ... does not abate by the death of a party if the cause of action survives."); cf. In re Estate of Ferdinand Marcos, Human Rights Litig., 25 F.3d 1467, 1476 (9th Cir.1994) (noting that Eighth Amendment claims and 1983 actions survive the death of a party). A pending action asserting surviving claims can be continued by the plaintiff's personal representative or successor in interest, as defined by the California Probate Code. See Cal. Civ. Proc. § 377.40 ("Subject to [the section of the Probate Code governing creditor claims,] a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest."); Smith v. Fontana, 818 F.2d 1411, 1416–1417 (9th Cir.1987) (applying California survivorship law to hold that a section 1983 claim could be asserted by the decedent's estate), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir.1999) (en banc). When a party dies and the claim is not extinguished, the court may order substitution of the deceased party with the proper legal representative. Fed. R. Civ. Proc. 25(a); Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).

On May 7, 2014, Defendants served the "Statement of Death" in the manner provided in Fed. R. Civ. Proc. 4 for service of a summons, as required by Fed. R. Civ. Proc. 25(a)(3) on the two known survivors of Plaintiff, (see Docket No. 114). Id.; see also Fed. R. Civ. Proc. 25(a)(3) ("A statement noting death must be served [on non-parties as provided in Rule 4]."); Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). Service on Ms. Tammye Burnham and Lorette Hornton complied with the requirements set forth in Fed. R. Civ. Proc. 25 and commenced the running of the 90 day period for substitution motions set forth in Rule 25(a)(1). See Fed. R. Civ. Proc. 25(a)(1); see also Barlow, 39 F.3d at 233.

1 More than ninety days have passed since Ms. Burnham and Ms. Hornton were
2 personally served the Statement of Death. No motion for substitution has been filed by
3 a successor or representative of Plaintiff. Accordingly, the Court must dismiss this
4 action. See Fed. R. Civ. Proc. 25(a)(1) ("If the [substitution] motion is not made within
5 90 days after service of a statement noting the death, the action by or against the
6 decedent **must** be dismissed.") (emphasis added).
7 For the reasons stated above, this action is DISMISSED in accordance with Fed.
8 R. Civ. Proc. 25. The Clerk is directed to terminate any pending motions as moot and
9 close the file.
10 IT IS SO ORDERED.

DATED: 8/12/2014

EDWARD J. DAVILA
United States District Judge

P:\PRO-SE\EJD\CR.12\00722Johnson_dism.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY W. JOHNSON JR.,

        Plaintiff,

  v.

J. WARRINGTON,

        Defendant.

Case Number: CV12-00722 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/12/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Wayne Johnson F-58411
High Desert State Prison
P. O. Box 3030
Susanville, CA 96127

Dated: 8/12/2014

                Richard W. Wieking, Clerk
/s/   By: Elizabeth Garcia, Deputy Clerk